UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE:  SEARCH WARRANT

SW No. 25-SW-348-PAS

Filed Under Seal

## **MOTION TO SEAL**

The United States of America, by and through its attorneys, Sara M. Bloom,

Acting United States Attorney, and John P. McAdams, Assistant United States Attorney,

moves that this Motion to Seal and the attached Application for Search Warrant, Search

Warrant, Supporting Affidavit, and attachments, be sealed until further Order of this

Court.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

SARA M. BLOOM
Acting United States Attorney

JOHN P. MCADAMS
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email:  John.P.McAdams@usdoj.gov

SO ORDERED:

_____

PATRICIA A. SULLIVAN
U.S. MAGISTRATE JUDGE
DATE:  _____October 29, 2025_____

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information associated with the Google email account<br>jimplaystore55@gmail.com, which are stored at a premises<br>owned, maintained, controlled, or operated by Google LLC | )<br>)<br>)<br>)   Case No. 25-SW-348-PAS<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3.

located in the _____Norther_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-3.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

❏ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Distribution and/or receipt of child pornography |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of and/or access with intent to view child pornography |

The application is based on these facts:

See attached affidavit of Special Agent James V. Richardson with Homeland Security Investigations ("HSI").

❏ Continued on the attached sheet.

❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Special Agent James V. Richardson - HSI
_____
*Printed name and title*

**Sworn telephonically and signed electronically**

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date:  October 29, 2025

_____
*Judge's signature*

City and state:  Providence, RI

Patricia A. Sullivan, U.S. Magistrate Judge
_____
*Printed name and title*

## **Affidavit in Support of Application for Search Warrant**

I, James V. Richardson, being first duly sworn, hereby depose and state as follows:

## **INTRODUCTION**

1.      I am a Special Agent with United States Department of Homeland Security (DHS), Immigrations and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and assigned to the office of the Resident Agent in Charge, Providence, RI.  I have been an agent of HSI since 2009. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, and the transfer of obscene material to minors, including but not limited to, violations of 18 U.S.C. §§ 1470, 2422, 2251, 2252, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors, and has had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2.      I am also a Computer Forensic Agent with United States Department of Homeland Security (DHS), Immigrations and Customs Enforcement (ICE), Homeland Security Investigations (HSI) since 2021. I have been trained to examine electronic media in a forensically sound manner. I am trained to analyze all forms of electronic media, to include mobile devices, computers, and electronic storage media. I hold multiple certifications in forensic analysis using various law enforcement tools and techniques. I complete annual training to keep abreast of the ever-evolving technological advances.

3.      This Affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for the location specifically described in Attachments A-1 ("SUBJECT PERSON"), A-2 (the "SUBJECT PREMISES"), and A-3 (the

1

"SUBJECT ACCOUNT") of this Affidavit and, for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252, which items are more specifically described in Attachments B-1, B-2, and B-3 of this Affidavit.

4.      The statements in this Affidavit are based in part on information gathered by my own investigation of this matter, as well as information provided to me by other law enforcement officers. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252(a)(2), distribution of child sexual abuse material, and 18 U.S.C. § 2252(a)(4)(B), possession and/or access with intent to view child sexual abuse material (the "SUBJECT OFFENSES") are presently located in or on the SUBJECT PERSON, SUBJECT PREMISES and/or the SUBJECT ACCOUNT.

## STATUTORY AUTHORITY

5.      This investigation concerns potential violations of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B), relating to matters involving the sexual exploitation of minors.

    a.      18 U.S.C § 2252(a)(2) prohibits any person from knowingly distributing or receiving any visual depiction involving a minor engaged in sexually explicit conduct using any means or facility of interstate or foreign commerce, by any means including computer.

    b.      18 U.S.C § 2252(a)(4)(B) prohibits any person from knowingly possessing or accessing with intent to view any books, magazines, periodicals films, video tapes, computer disk or other matter that contains an image of child pornography that has been mailed, shipped, or transported in interstate or foreign commerce by any

means including computer.

## DEFINITIONS

6.     The following definitions apply to this Affidavit and its Attachments:

    a.    "Chat," as used herein, refers to any kind of text communication over the Internet that is transmitted in real-time from sender to receiver. Chat messages are generally short to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

    b.    "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors engaging in sexually explicit conduct.

    c.    "Child pornography," also referred to herein as "Child Sexual Abuse Material," defined in 18 U.S.C. § 2256(8), is any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image of picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

    d.    "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, mobile phones and devices. See 18 U.S.C. § 1030(e)(1).

    e.    "Computer hardware," as used herein, consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including keyboards, printers, video display monitors, and related communications devices such as cables and connections); as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including physical keys and locks).

    f.    "Computer passwords and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer

software, documentation, or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alpha-numeric characters) usually operates what might be termed a digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

g.    "Internet Protocol address" or "IP address," as used herein, refers to a unique number used by a computer or other digital device to access the Internet. An IP address typically resembles four series of numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer or device accessing the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer or device may be directed properly from its source to its destination. Most Internet Service Providers (ISPs) control a range of IP addresses. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer or device every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet. ISPs typically maintain logs of the subscribers to whom IP addresses are assigned on particular dates and times.

h.    "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

i.    The "Internet" is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

j.    "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

k.    "Mobile applications," as used herein, are small, specialized programs downloaded onto mobile devices that enable users to perform a variety of functions, including engaging in online chat, reading a book, or playing a game.

l.    "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

m.     "Remote Computing Service" ("RCS"), as defined in 18 U.S.C. § 2711(2), is the provision to the public of computer storage or processing services by means of an electronic communications system.

n.     "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

o.     A "storage medium" is any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, thumb drives, and other magnetic or optical media.

p.     "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## **PROBABLE CAUSE AND BACKGROUND OF THE INVESTIGATION**

7.     On October 16, 2025, I reviewed a Cybertip (219158872) reported by the National Center for Missing and Exploited Children (NCMEC) to the Rhode Island State Police (RISP)/Internet Crimes Against Children (ICAC) Task Force.  The complaint was reported by Google LLC ("Google") regarding Google user jimplaystore55@gmail.com (SUBJECT ACCOUNT) uploading seventeen (17) files of suspected child sexual abuse material (CSAM) to their Google account.  There have been an additional thirty-six (36) NCMEC Cybertips reported by Google on the same individual with approximately an additional five hundred forty-four (544) files of suspected CSAM.  I reviewed the CSAM files attached to the Cybertip (219158872) and confirmed that approximately ten (10) files are consistent with the state and federal definitions of child pornography.  The following are examples of child pornography uploaded by Google user jimplaystore55@gmail.com:

File name: 4cecb6d4bd8c83fbd4ab0aacfc6ba5ff.jpg

**Description:** This image file depicts a nude prepubescent female spreading apart and exposing her vagina.

**File name:** 32eaa1bff37263fe4a2f26eab732c24f.jpg

**Description:** This image file depicts an individual digitally penetrating the vagina of a prepubescent female.

**File name:** 51dba69920051bfa1f20480c31be43b8.jpg

**Description:** This image file depicts a nude prepubescent female penetrating her vagina with a sexual device (aka a "vibrator").

8.    Google    provided    the    following    subscriber    information    for jimplaystore55@gmail.com:

**Name:** Juan Acosta (SUBJECT PERSON)

**Mobile Phone:** 4012154435

**Date of Birth:** XX-XX-2004

**Email Address:** Jimplaystore55@gmail.com

**Email Address:** Jeag2004@hotmail.com

9.    Google also provided internet protocol (IP) logs for the jimplaystore55@gmail.com account. These IP logs show when the owner of the account logs into the account. I was able to determine that some of the IP addresses are owned by Cox Communications ("Cox"). Using the IP logs provided by Google, on October 18, 2025, I served Cox with an administrative subpoena requesting    subscriber    information    for    which    Cox    subscriber    was    issued    IP    address

2600:8805:9381:25e0:fc86:d08c:a1c4:7f73 on 08/28/2025 at 16:58:38 UTC through 08/29/2025 at 12:11:12 UTC.  On October 22, 2025, Cox responded with the following subscriber information:

**Name:** Genesis M Perez Cisneros

**Address:** 57 Somerset St Providence, RI 02907-1138 (SUBJECT PREMISES)

**Telephone:** 401 286-1075, 401 659-7937

**Email address:** genesis26acosta@gmail.com

**Account Number:** 238077893413

**Type of Service:** HIGH SPEED DATA SERVICES (ACTIVE)

**Account Start Date:** 10/21/2016

10.     A query of a commercial database shows that four individuals reside at the SUBJECT PREMISES: Genesis M. Perez (DOB XX/XX/1997), Juan E. Cabrera (DOB XX/XX/1968), Martha Maria Cisneros (DOB XX/XX/1980) and Juan E. ACOSTA GOMEZ (DOB XX/XX/2004 – matches the DOB provided by the Google subscriber in paragraph 8).

11.     A query of immigration databases shows that Juan E. ACOSTA GOMEZ, born in the Dominican Republic, currently has Lawful Permanent Residence (LPR) status in United States and has a pending N-400 application for Naturalization with Citizenship and Immigration Services (CIS).  ACOSTA GOMEZ gave CIS the SUBJECT PREMISES for his home address, the phone number 4012154435, and the email address jeag2004@hotmail.com as contact information (the phone number and email address are the same information provided to Google by user jimplaystore55@gmail.com).

12.     Juan E. ACOSTA GOMEZ possesses a valid RI driver's license.  The SUBJECT PREMISES are listed on ACOSTA GOMEZ's RI driver's license.

13.     On October 22, 2025, the United States Postal Inspection Service (USPIS) confirmed that Juan ACOSTA GOMEZ and other individuals are currently receiving mail at the SUBJECT PREMISES.

14.     On October 23, 2025, I conducted physical surveillance at the SUBJECT PREMISES. The SUBJECT PREMISES is a two-story residential property, color green with beige trim. The number "57" is clearly displayed above the front door, red in color. I observed a gray Honda Pilot parked in the street in front of the SUBJECT PREMISES. The RI registration (QI242) is registered to Juan E. Acosta Cabrera of 57 Somerset Street, Providence, RI 02907.

## CHARACTERISTICS COMMON TO PERSONS WHO ENGAGE IN
## CHILD SEXUAL EXPLOITATION

15.     Based on my previous investigative experience related to child exploitation investigations, and the training and experience of other law enforcement officers with whom I have collaborated, I have learned that there are certain characteristics that are generally common to offenders who access, send, distribute, exhibit, possess, display, transport, manufacture, or produce material which depicts minors engaged in sexually explicit conduct, or who engage in sexually explicit communications with minors. Said material includes, but is not limited to, chats, photographs, and videos stored electronically on computers, digital devices, or related digital storage media.

16.     Such offenders may receive sexual gratification, stimulation, and satisfaction from contact with children or from fantasies they may have stemmed from viewing children engaged in sexual activity or in sexually suggestive poses, whether in person, in photographs or other visual media, or from literature describing such activity.

17.     Such offenders may collect sexually explicit or suggestive materials in a variety of

media, including digital photographs, videos, or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to facilitate contact offenses – that is, to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

18.    Such offenders almost always possess and maintain their hard copies of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children typically retain their cache for many years. From training and experience, I am aware that such offenders often keep copies of their illicit collections even if they move from one residence to another or change electronic media devices such as their smart phone or tablet.

19.    Likewise, such individuals often maintain their child pornography images in a digital or electronic format in a safe, secure, and private environment, such as a computer. These child pornography images are often maintained for several years and are kept close by, usually at the offender's residence, inside the offender's vehicle, or, at times, on his person, to enable the individual to view the child pornography images, which are highly valued.

20.    Some of these individuals, however, have been found to download, view, and then delete child pornography on their computers or digital devices on a cyclical and repetitive basis, presumably to avoid criminal liability. Importantly, as described in more detail below, evidence of such activity, including deleted child pornography, often can be located on these individuals' computers and digital devices through the use of forensic tools. Indeed, the very nature of electronic storage means that evidence of the crime is often still discoverable for extended periods

of time even after the individual "deleted" it.

21.     Such offenders also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain lists or other record of individuals with whom they have been in contact and who share the same interests in child pornography.

22.     Such offenders prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

23.     Based upon the foregoing, I believe that Juan E. ACOSTA GOMEZ likely displays characteristics common to individuals who access with the intent to view and possess, collect, receive, or distribute child pornography. As such, I submit that there is probable cause to believe that contraband material depicting minors engaged in sexually explicit conduct and other evidence, instrumentalities, and fruits of violations of 18 U.S.C. § 2252(a)(2), receipt of child pornography, and 18 U.S.C. § 2252(a)(4)(B), possession of and/or access with intent to view child pornography exist on the SUBJECT DEVICE(S) and/or the SUBJECT ACCOUNT.

**SEARCH AND SEIZURE OF COMPUTER SYSTEMS AND DATA**

24.     Based on my knowledge, training, experience, and information provided to me by other agents, I know that computer files or remnants of such files can be recovered months or even years after they have been written, downloaded, saved, deleted, or viewed locally or over the Internet. This is true because:

a.    Electronic files that have been downloaded to a storage medium can be stored for years at little or no cost. Furthermore, when users replace their computers, they can easily transfer the data from an old computer to a new computer.

b.    Even after files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data, which might not occur for long periods of time. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.    Wholly apart from user-generated files, computer storage media – in particular, computers' internal hard drives – contain electronic evidence of how the computer has been used, what it has been used for, and who has used it. This evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. It is technically possible to delete this information, but computer users typically do not erase or delete this evidence because special software is usually required for that task.

d.    Similarly, files that have been viewed over the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache." The browser often maintains a fixed amount of hard drive space devoted to these files, and the files are overwritten only as they are replaced with more recently viewed Internet pages or if a user takes steps to delete them.

25.    Based on my knowledge and training and the experience of other agents with whom I have spoken, I am aware that in order to completely and accurately retrieve data maintained in computer hardware, computer software, or storage media, to ensure the accuracy and completeness of such data, and to prevent the loss of the data either from accidental or programmed destruction,

it is often necessary that computer hardware, computer software, computer-related documentation, and storage media ("computer equipment") be seized and subsequently processed by a qualified computer specialist in a laboratory setting, rather than in the location where it is seized. This is true because of:

a.        The volume of evidence: Storage media such as hard drives can store the equivalent of thousands or, in some instances, millions of pages of information. Additionally, a user may seek to conceal evidence by storing it in random order or with deceptive file names. Searching authorities may need to examine all the stored data to determine what particular files are evidence, fruits, or instrumentalities of criminal activity. This process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this analysis on-site.

b.        Technical requirements: Analyzing computer hardware, computer software, or storage media for criminal evidence is a highly technical process requiring expertise and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications. Thus, it is difficult to know, before the search, which expert possesses sufficient specialized skill to best analyze the system and its data.  Furthermore, data analysis protocols are exacting procedures, designed to protect the integrity of the evidence and to recover even "hidden," deleted, compressed, password-protected, or encrypted files. Many commercial computer software programs also save data in unique formats that are not conducive to standard data searches. Additionally, computer evidence is extremely vulnerable to tampering or destruction, both from external sources and destructive code imbedded in the system as a "booby trap."

## **CONCLUSION**

25.        Based on the foregoing, there is probable cause to believe that 18 U.S.C. §

2252(a)(2), distribution and/or receipt of child pornography, and 18 U.S.C. § 2252(a)(4)(B), possession of and/or access with intent to view child pornography, have been violated, and that the evidence, fruits, and instrumentalities of these offenses, more fully described in Attachments B-1, B-2, and B-3, are located at the locations described in Attachments A-1, A-2, and A-3. I respectfully request that this Court issue a search warrant for the locations described in Attachments A-1, A-2, and A-3, authorizing the seizure and search of the items described in Attachments B-1, B-2, and B-3.

Sworn to under the pains and penalties of perjury,

_____
James V. Richardson
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **Sworn telephonically and signed electronically** telephone

*(specify reliable electronic means)*

__October 29, 2025__
*Date*

__Providence, Rhode Island__
*City and State*

_____
*Judge's signature*

**Patricia A. Sullivan, USMJ**
*Patricia A. Sullivan, US Magistrate Judge*

**ATTACHMENT A-1**

**Person to Be Searched**

The person of Juan E. ACOSTA GOMEZ, a male, standing approximately 5'6" and weighing approximately 150 pounds, date of birth XX/XX/2004 (the SUBJECT PERSON). ACOSTA GOMEZ is pictured below:



## ATTACHMENT B-1

### Description of information to be seized

I.      All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of 18 U.S.C § 2252, including:

A.      Records and tangible objects pertaining to the following topics:

1.      Child pornography, child erotica, and obscenity or the sexual abuse or exploitation of children;

2.      Communications related to the sexual exploitation or enticement of minors, or any attempts thereof;

3.      Communications between the device user and other individual(s) that relates to the sexual exploitation of children; and

4.      The identity of any child depicted in videos and photographs located in the equipment or discussed in any communications related to the sexual abuse or exploitation of children;

5.      Any communications relating to child pornography, the sexual abuse or exploitation of children, or the identity of any child depicted in videos and photographs located in the SUBJECT DEVICE(S);

6.      The identity of any person who sent or received communications relating to child pornography, the sexual abuse or exploitation of children, or the identity of any child depicted in videos and photographs located on the SUBJECT DEVICE(S);

7.      Any social media and electronic server provider account(s) used to send or receive any communications relating to child pornography, the sexual abuse

15

or exploitation of children, or the identity of any child depicted in videos and photographs located on the SUBJECT DEVICE(S);

8.      Evidence of who used, owned, or controlled the SUBJECT DEVICE(S);

9.      Evidence of the dates and times the SUBJECT DEVICE(S) were used;

10.    Passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICE(S);

11.    Evidence of the device's Internet activity, including IP addresses and source ports used to connect to the internet, firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

12.    Evidence of the attachment of other hardware or storage media;

13.    Evidence of counter forensic programs and associated data that are designed to eliminate data;

14.    Contextual information necessary to understand the evidence described in Attachments A-1 and B-1.

II.    Any electronic identifiers that serve to identify the SUBJECT DEVICES.

During the execution of the search of the SUBJECT PERSON described in Attachment A-1 and the SUBJECT PREMISES described in Attachment A-2, law enforcement personnel are also specifically authorized to compel the SUBJECT PERSON, Juan E. ACOSTA GOMEZ, to provide biometric features, including pressing fingers

(including thumbs) against and/or putting a face before the sensor, or any other security feature requiring biometric recognition, of:

(a)       any of the DEVICE(S) found on the SUBJECT PERSON and any of the DEVICE(S) found at the SUBJECT PREMISES for which they have a reasonable belief belong to ACOSTA GOMEZ, and

(b)       where the DEVICE(S) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the DEVICE(S') security features in order to search the contents as authorized by this warrant.

This warrant does not authorize law enforcement personnel to compel any other individuals found at the SUBJECT PREMISES to provide biometric features, as described in the preceding paragraph, to access or otherwise unlock any DEVICE.  Further, this warrant does not authorize law enforcement personnel to request that Juan E. ACOSTA GOMEZ to state or otherwise provide the password or any other means that may be used to unlock or access the DEVICE(S), including by identifying the specific biometric characteristics (including the unique finger(s) or other physical features) that may be used to unlock or access the DEVICE(S).

17

**ATTACHMENT A-2**

**Location to be searched**

The premises to be searched include:

The premises, located at 57 Somerset Street, Providence, RI 02907, more particularly described as a two-story residential property, color green with beige trim. The number "57" is clearly displayed above the front door, red in color. The exterior of the premises is pictured below:



**ATTACHMENT B-2**

**Description of information to be seized**

I.    All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of 18 U.S.C § 2252, including:

   A.    Records and tangible objects pertaining to the following topics:

      1.    Child pornography, child erotica, and obscenity or the sexual abuse or exploitation of children;

      2.    Communications related to the sexual exploitation or enticement of minors, or any attempts thereof;

      3.    Communications between the device user and other individual(s) that relates to the sexual exploitation of children; and

      4.    The identity of any child depicted in videos and photographs located in the equipment or discussed in any communications related to the sexual abuse or exploitation of children;

      5.    Any communications relating to child pornography, the sexual abuse or exploitation of children, or the identity of any child depicted in videos and photographs located in the SUBJECT DEVICE(S);

      6.    The identity of any person who sent or received communications relating to child pornography, the sexual abuse or exploitation of children, or the identity of any child depicted in videos and photographs located on the SUBJECT DEVICE(S);

      7.    Any social media and electronic server provider account(s) used to send or receive any communications relating to child pornography,

the sexual abuse or exploitation of children, or the identity of any
child depicted in videos and photographs located on the SUBJECT
DEVICE(S);

8.     Evidence of who used, owned, or controlled the SUBJECT
DEVICE(S);

9.     Evidence of the dates and times the SUBJECT DEVICE(S) were
used;

10.    Passwords, encryption keys, and other access devices that may be
necessary to access the SUBJECT DEVICE(S);

11.    Evidence of the device's Internet activity, including IP addresses and
source ports used to connect to the internet, firewall logs, caches,
browser history and cookies, "bookmarked" or "favorite" web pages,
search terms that the user entered into any Internet search engine,
and records of user-typed web addresses;

12.    Evidence of the attachment of other hardware or storage media;

13.    Evidence of counter forensic programs and associated data that are
designed to eliminate data;

14.    Contextual information necessary to understand the evidence
described in Attachments A-1 and B-1.

II.     Any electronic identifiers that serve to identify the SUBJECT DEVICE(S).


During the execution of the search of the SUBJECT PERSON described in Attachment A-1 and
the SUBJECT PREMISES described in Attachment A-2, law enforcement personnel are also

specifically authorized to compel the SUBJECT PERSON, Juan E. ACOSTA GOMEZ, to

provide biometric features, including pressing fingers (including thumbs) against and/or putting a

face before the sensor, or any other security feature requiring biometric recognition, of:

> (a)      any of the DEVICE(S) found on the SUBJECT PERSON and any of the
>
> DEVICE(S) found at the SUBJECT PREMISES for which they have a reasonable belief
>
> belong to ACOSTA GOMEZ, and
>
> (b)      where the DEVICE(S) are limited to those which are capable of containing and
>
> reasonably could contain fruits, evidence, information, contraband, or instrumentalities of
>
> the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the DEVICE(S') security features in order to search the

contents as authorized by this warrant.


This warrant does not authorize law enforcement personnel to compel any other

individuals found at the SUBJECT PREMISES to provide biometric features, as described in the

preceding paragraph, to access or otherwise unlock any DEVICE.  Further, this warrant does not

authorize law enforcement personnel to request that Juan E. ACOSTA GOMEZ to state or

otherwise provide the password or any other means that may be used to unlock or access the

DEVICE(S), including by identifying the specific biometric characteristics (including the unique

finger(s) or other physical features) that may be used to unlock or access the DEVICE(S).

**<u>ATTACHMENT A-3</u>**

**Account to be searched**

This warrant applies to information associated with the following Google account:

    a.   Google email account jimplaystore55@gmail.com;

which are stored at a premises owned, maintained, controlled, or operated by Google LLC

("Google" or "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View,

California 94043.  Google receives legal process via their Law Enforcement Portal.

**ATTACHMENT B-2**

**Description of information to be seized**

**I.      Information to be disclosed by Google LLC, to the government:**

A,      To the extent that the information described in Attachment A-3 is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f)**,** Google is required to disclose to the government for each account or identifier listed in Attachment A-3 the following information for the time period of account inception, to the date of the execution of the search warrant:

1.      All business records and subscriber information, in any form kept, pertaining to the Accounts, including:

a.      Names (including subscriber names, usernames, and screen names);

b.      Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);

c.      Telephone numbers, including SMS recovery and alternate sign-in numbers;

d.      Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;

e.      Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, Google Voice numbers, and alternate sign-in numbers

f.      Length of service (including start date and creation IP) and types of service utilized;

g.     Means and source of payment (including any credit card or bank account number); and

h.     Change history.

2.     All device information associated with the Accounts, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

3.     Records of user activity for each connection made to or from the Accounts, including, for all Google services, the date, time, length, and method of connection, data transfer volume, user names, source and destination IP address, name of accessed Google service, and all activity logs.

4.     The contents of all emails and chat messages associated with the Accounts, including stored or preserved copies of emails or chat messages sent to and from the Accounts, draft emails, the source and destination addresses associated with each email or chat message, the date and time at which each email or message was sent or received, attachments to any e-mail or message sent or received, the size and length of each email, and true and accurate header information including the actual IP addresses of the sender and recipients of the emails.

5.     The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, applications, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google

Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

6.      The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses.

7.      All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history.

8.      The contents of all text, audio, and video messages associated with the account, including Chat, Duo, Hangouts, Meet, and Messages (including SMS, MMS, and RCS), in any format and however initially transmitted, including, but not limited to: stored, deleted, and draft messages, including attachments and links; the source and destination addresses associated with each communication, including IP addresses; the size, length, and timestamp of each communication; user settings; and all associated logs, including access logs and change history.

9.      Any records pertaining to the user's contacts, including: address books; contact lists; social network links; groups, including Google Groups to which the user belongs or communicates with; user settings; and all associated logs and change history.

10.     Any records pertaining to the user's calendar(s), including: Google Calendar events; Google Tasks; reminders; appointments; invites; and goals; the sender and recipients of any event invitation, reminder, appointment, or task; user settings; and all associated logs and change history.

11.     Payment information, including billing address, shipping address, and payment instruments, associated with any Google Pay, Google Wallet, or Google service used by the Account.

12.     All records pertaining to communications between Google and any person regarding the Account, including contacts with support services and records of actions taken.

B.      The Provider is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

**II.     Information to be seized by the government:**

A.      All information described above in Section I that constitutes contraband or evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 2252(a)(2) – (Receipt or Distribution of Child Sexual Abuse Material), 18 U.S.C. § 2252 (a)(4)(B) – (Possession of or Accessing with Intent to View Child Sexual Abuse Material), collectively referred to as the "**TARGET OFFENSES**," for the time period of account inception, to the date of the execution of the search warrant, including the following:

1.      Messages, communications, records, and files associated with or attached to email or chat messages, and transactional data that constitute evidence of, or that may have been used to facilitate, or that were capable of being used to commit or further, violations of the **TARGET OFFENSES** and to create, access, or store evidence of such crimes.

26

2.      Images, videos, and other files depicting children fully or partially naked and/or engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

3.      Communications that pertain to or that are evidence of the production, advertisement, distribution, receipt, or possession of child pornography, or accessing with the intent to view child pornography.

4.      Information relating to who created, used, or communicated with the account, including records about their identities and whereabouts.

5.      Information indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the account owner.

6.      Information indicating the Account owner's and user's state of mind as it relates to the crimes under investigation.

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No.  25-SW-348-PAS |
| Information associated with the Google email account | ) |
| jimplaystore55@gmail.com, which are stored at a premises | ) |
| owned, maintained, controlled, or operated by Google LLC | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Northern_____ District of _____California_____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-3.

**YOU ARE COMMANDED** to execute this warrant on or before _____November 12, 2025_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Patricia A. Sullivan, U.S. Magistrate Judge_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      **3:52 PM, Oct 29, 2025**          _____
*Judge's signature*

City and state:   Providence, RI _____          Patricia A. Sullivan, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  25-SW-348-PAS | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
|       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br>                                            *Executing officer's signature*<br><br>                                                *Printed name and title* |

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE EMAIL ACCOUNT jimplaystore55@gmail.com THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC | Case No. 25-SW-348-PAS<br><br>**Filed Under Seal** |

**APPLICATION FOR ORDER COMMANDING GOOGLE LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order Google LLC ("Google") not to notify any person (including the subscribers and customers of the account(s) listed in the warrant of the existence of the attached warrant for a period not to exceed one year, unless earlier ordered by the Court.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously

jeopardize the investigation or unduly delay a trial, including by: giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached warrant for a period not to exceed one year, unless earlier ordered by the Court, except that Google may disclose the attached warrant to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on October 29, 2025.

_____
John P. McAdams
Assistant United States Attorney
One Financial Plaza, 17th Floor
Providence, RI 02903
(401) 709-5000
John.P.McAdams@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH THE
GOOGLE EMAIL ACCOUNT
jimplaystore55@gmail.comTHAT IS
STORED AT PREMISES CONTROLLED
BY GOOGLE LLC

Case No. 25-SW-348-PAS

**Filed Under Seal**

**ORDER**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b),

requesting that the Court issue an Order commanding Google LLC ("Google"), an electronic

communication service provider and/or a remote computing service, not to notify any person

(including the subscribers and customers of the account(s) listed in the warrant) of the existence

of the attached warrant until a period not to exceed one year, unless earlier ordered by the Court.

The Court determines that there is reason to believe that notification of the existence of

the attached warrant will seriously jeopardize the investigation or unduly delay a trial, including

by: giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper

with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or

physical safety of an individual.  *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that Google shall not

disclose the existence of the attached warrant, or this Order of the Court, to the listed subscriber

or to any other person, for a period of period not to exceed one year, unless earlier ordered by the

Court except that Google may disclose the attached warrant to an attorney for Google for the

purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until

otherwise ordered by the Court.

October 29, 2025
_____
Date

_____
PATRICIA A. SULLIVAN
U.S. Magistrate Judge